**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-cv-1796-REB-MEH

ESTATE OF ANTHONY L. SIMS, By Kathie Sims as Personal Representative,

    Plaintiff,

v.

JEFFERSON COUNTY BOARD OF COUNTY COMMISSIONERS,
SHERIFF TED MINK, in his individual and official capacities, and
JOHN DOE SHERIFF'S DEPUTY, in his individual and official capacities.

    Defendants.

---

**ANSWER**

---

Defendant Jefferson County Sheriff Ted Mink ("Sheriff")[1], by and through the Jefferson County Attorney and Assistant County Attorneys Writer Mott and James Burgess, hereby answers the Complaint and Jury Demand (the "Complaint") of Plaintiff Estate of Anthony L. Sims ("Plaintiff") as follows:

**I.   Introduction**

1.    The Sheriff admits that Anthony Sims ("Mr. Sims") was being held at the Jefferson County Detention Facility (the "JCDF") on allegations of aggravated sexual assault on a child as alleged in paragraph 1 of the Complaint. The Sheriff admits that Mr. Sims was housed in the protective custody module of the JCDF as alleged in

---

[1] Plaintiff has voluntarily agreed to dismiss the Jefferson County Board of County Commissioners as a Defendant to this action, and should be filing a notice of dismissal contemporaneously.

paragraph 1 of the Complaint. The Sheriff admits that Shawn Shields ("Mr. Shields") was also being held in the JCDF and that Mr. Shields had a history of violence and assault as alleged in paragraph 1 of the Complaint. The Sheriff denies all of the remaining allegations in paragraph 1 of the Complaint. The Sheriff further affirmatively alleges that Mr. Sims committed suicide and was not assaulted in the JCDF as alleged in paragraph 1 of the Complaint.

2. The Sheriff denies the allegations of paragraph 2 of the Complaint.

3. The Sheriff denies the allegations of paragraph 3 of the Complaint.

## II. Jurisdiction and Venue

4. The Sheriff admits that Plaintiff purports to bring this lawsuit pursuant to 42 U.S.C. § 1983 ("Section 1983) as alleged in paragraph 4 of the Complaint.

5. The Sheriff admits that venue is proper in the District of Colorado as alleged in paragraph 5 of the Complaint.

## III. Parties

6. The Sheriff is without information or knowledge sufficient to admit or deny the allegations of paragraph 6 of the Complaint and therefore denies the same.

7. The Sheriff is without information or knowledge sufficient to admit or deny the allegations of paragraph 7 of the Complaint and therefore denies the same.

8. The Sheriff denies the allegations contained in paragraph 8 of the Complaint.

9. The Sheriff admits that Sheriff Mink is a citizen of the United States, a resident of Colorado, and was the elected Sheriff of Jefferson County, Colorado as is

alleged in paragraph 9 of the Complaint. The Sheriff is without information or knowledge sufficient to admit or deny the remaining allegations in paragraph 9 of the Complaint and therefore denies the same.

10. The Sheriff is without information or knowledge sufficient to admit or deny the allegations of paragraph 10 of the Complaint and therefore denies the same.

### IV. Factual Background

11. The Sheriff admits that Mr. Sims was held in the JCDF on charges of aggravated sexual assault on a child as alleged in paragraph 11 of the Complaint. The Sheriff is without information or knowledge sufficient to admit or deny the remaining allegations of paragraph 11 of the Complaint and therefore denies the same.

12. The Sheriff is without information or knowledge sufficient to admit or deny the allegations of paragraph 12 of the Complaint and therefore denies the same.

13. The Sheriff is without information or knowledge sufficient to admit or deny the allegations of paragraph 13 of the Complaint and therefore denies the same.

14. The Sheriff admits that Mr. Sims met with mental health care providers at the JCDF as alleged in paragraph 14 of the Complaint. The Sheriff is without information or knowledge sufficient to admit or deny the remaining allegations of paragraph 14 of the Complaint and therefore denies the same.

15. The Sheriff is without information or knowledge sufficient to admit or deny the allegations of paragraph 15 of the Complaint and therefore denies the same.

16. The Sheriff admits the allegations contained in paragraph 16 of the Complaint, but affirmatively alleges that there are additional reasons not listed in

paragraph 16 of the Complaint under which an inmate might be assigned to PC or Adseg at the JCDF.

17. The Sheriff admits that Mr. Sims was housed in protective custody while he was detained at the JCDF as alleged in paragraph 17 of the Complaint. The Sheriff is without information or knowledge sufficient to admit or deny the remaining allegations of paragraph 17 of the Complaint and therefore denies the same.

18. The Sheriff admits the allegations contained in paragraph 18 of the Complaint.

19. The Sheriff admits that for a portion of the time Mr. Sims was at the JCDF, inmate Goodloe was being held in protective custody in a cell next to Mr. Sims, cell 48, as alleged in paragraph 19 of the Complaint.

20. The Sheriff admits the allegations contained in the first and second sentences of paragraph 20 of the Complaint. The Sheriff denies the remaining allegations in paragraph 20 of the Complaint.

21. The Sheriff admits the allegations in paragraph 21 of the Complaint.

22. The Sheriff admits that the cells 42 and 44 of unit 6D of the JCDF are designed the same as cells 46 and 48 of unit 6D and that the inmates housed in cells 42 and 44 share the use of a day room as alleged in paragraph 22 of the Complaint. The Sheriff is without information or knowledge sufficient to admit or deny the remaining allegations of paragraph 22 of the Complaint and therefore denies the same.

23. The Sheriff admits that Shawn Shields was purportedly a member of the Aryan Syndicate as is alleged in paragraph 23 of the Complaint. The Sheriff denies the remaining allegations contained in paragraph 23 of the Complaint.

24. The Sheriff is without information or knowledge sufficient to admit or deny the allegations of paragraph 24 of the Complaint and therefore denies the same.

25. The Sheriff is without information or knowledge sufficient to admit or deny the allegations of paragraph 25 of the Complaint and therefore denies the same.

26. The Sheriff is without information or knowledge sufficient to admit or deny the allegations of paragraph 26 of the Complaint and therefore denies the same.

27. The Sheriff admits the allegations of paragraph 27 of the Complaint.

28. The Sheriff admits the allegations of paragraph 28 of the Complaint.

29. The Sheriff is without information or knowledge sufficient to admit or deny the allegations of paragraph 29 of the Complaint and therefore denies the same.

30. The Sheriff admits the allegations of paragraph 30 of the Complaint.

31. The Sheriff admits the allegations of paragraph 31 of the Complaint.

32. The Sheriff admits the allegations of paragraph 32 of the Complaint.

33. The Sheriff admits the allegations of paragraph 33 of the Complaint.

34. The Sheriff is without information or knowledge sufficient to admit or deny the allegations of paragraph 34 of the Complaint and therefore denies the same.

35. The Sheriff denies the allegations of paragraph 35 of the Complaint.

36. The Sheriff admits that a deputy must manually unlock the shower door in order to provide access from the inmate in the day room to take a shower as alleged in

paragraph 36 of the Complaint.  The Sheriff denies all remaining allegations contained in paragraph 36 of the Complaint.

37.  The Sheriff is without information or knowledge sufficient to admit or deny the allegations of paragraph 37 of the Complaint and therefore denies the same.

38.  The Sheriff denies the allegations of paragraph 38 of the Complaint.

39.  The Sheriff is without information or knowledge sufficient to admit or deny the allegations of paragraph 39 of the Complaint and therefore denies the same.

40.  The Sheriff denies the allegations of paragraph 40 of the Complaint.

41.  The Sheriff denies the allegations of paragraph 41 of the Complaint.

42.  The Sheriff denies the allegations of paragraph 42 of the Complaint.

43.  The Sheriff denies the allegations of paragraph 43 of the Complaint.

44.  The Sheriff denies the allegations of paragraph 44 of the Complaint.

45.  The Sheriff denies the allegations of paragraph 45 of the Complaint.

46.  The Sheriff denies the allegations of paragraph 46 of the Complaint.

47.  The Sheriff admits the allegations of paragraph 47 of the Complaint.

48.  The Sheriff admits that Mr. Sims was found with a tube sock tied around his neck as alleged in paragraph 48 of the Complaint.  The Sheriff is without information or knowledge sufficient to admit or deny the remaining allegations of paragraph 48 of the Complaint and therefore denies the same.

49.  The Sheriff is without information or knowledge sufficient to admit or deny the allegations of paragraph 49 of the Complaint and therefore denies the same.

50. The Sheriff admits that Mr. Sims' had injuries around his right eye as alleged in paragraph 50 of the Complaint. The Sheriff denies the remaining allegations regarding the nature and scope of those injuries alleged in paragraph 50 of the Complaint.

51. The Sheriff admits the allegations of paragraph 51 of the Complaint.

52. The Sheriff admits the allegations of paragraph 52 of the Complaint.

53. The Sheriff is without information or knowledge sufficient to admit or deny the allegations of paragraph 53 of the Complaint and therefore denies the same.

54. The allegations contained in paragraph 54 refer to a public document, the death certificate, which speaks for itself and does not require any admission or denial.

55. The Sheriff admits that the Jefferson County Coroner's Office issued a final determination of death ruling Mr. Sims' death a suicide as alleged in paragraph 55 of the Complaint. The Sheriff, however, believes that this final determination was issued on November 15, 2005, not November 17, 2005, as alleged in the Complaint.

56. The Sheriff is without information or knowledge sufficient to admit or deny the allegations of paragraph 56 of the Complaint and therefore denies the same.

57. The Sheriff admits the allegations contained in paragraph 57 of the Complaint.

58. The Sheriff is without information or knowledge sufficient to admit or deny the allegations of paragraph 58 of the Complaint and therefore denies the same.

59. The Sheriff is without information or knowledge sufficient to admit or deny the allegations of paragraph 59 of the Complaint and therefore denies the same.

60.  The Sheriff denies the allegations contained in paragraph 60 of the Complaint.

61.  The Sheriff is without information or knowledge sufficient to admit or deny the allegations of paragraph 61 of the Complaint and therefore denies the same.

62.  The Sheriff affirmatively alleges Shawn Shields did inform the FBI in 2007 that, in exchange for being transferred to a federal prison, he would confess to the murder of Mr. Sims and another inmate as alleged in paragraph 62 of the Complaint.

63.  The Sheriff admits that the Jefferson County District Attorney's Office is currently investigating the death of Mr. Sims as alleged in paragraph 63 of the Complaint.

### V.     Claims for Relief

**First Claim for Relief**
**42 U.S.C. § 1983—14th Amendment Due Process**
**Deliberate Indifference to an Obvious Risk of Serious Harm**

64.  The Sheriff hereby incorporates his responses to paragraphs 1 through 63 of the Complaint as if set forth fully herein as his response to paragraph 64 of the Complaint.

65.  The Sheriff admits the allegations contained in paragraph 65 of the Complaint.

66.  The Sheriff is without information or knowledge sufficient to admit or deny the allegations of paragraph 66 of the Complaint and therefore denies the same.

67.  The Sheriff denies the allegations contained in paragraph 67 of the Complaint.

68. The Sheriff denies the allegations contained in paragraph 68 of the Complaint.

69. The Sheriff denies the allegations contained in paragraph 69 of the Complaint.

70. The Sheriff denies the allegations contained in paragraph 70 of the Complaint.

71. The Sheriff denies the allegations contained in paragraph 71 of the Complaint.

72. The Sheriff denies the allegations contained in paragraph 72 of the Complaint.

73. The Sheriff denies the allegations contained in paragraph 73 of the Complaint.

74. The Sheriff denies the allegations contained in paragraph 74 of the Complaint.

75. The Sheriff denies the allegations contained in paragraph 75 of the Complaint. The Sheriff further affirmatively alleges that Mr. Sims' death was a suicide and was not caused by any other inmate at the JCDF.

76. The Sheriff denies the allegations contained in paragraph 76 of the Complaint. The Sheriff further affirmatively alleges that Mr. Sims' death was a suicide and was not caused by any other inmate at the JCDF.

77. The Sheriff denies the allegations contained in paragraph 77 of the Complaint.

## Second Claim for Relief

**42 U.S.C. § 1983—14th Amendment Substantive Due Process—Failure to Protect**

78. The Sheriff hereby incorporates his responses to paragraphs 1 through 77 of the Complaint as if set forth fully herein as his response to paragraph 78 of the Complaint.

79. The Sheriff is without information or knowledge sufficient to admit or deny the allegations of paragraph 79 of the Complaint and therefore denies the same.

80. Paragraph 80 of the Complaint is a purported statement of law and not a factual allegation that requires an admission or denial. To the extent an answer to paragraph 80 of the Complaint is required, the Sheriff denies those allegations.

81. The Sheriff denies the allegations contained in paragraph 81 and subparts (a) and (b) to paragraph 81 of the Complaint.

82. The Sheriff denies the allegations contained in paragraph 82 of the Complaint.

83. The Sheriff denies the allegations contained in paragraph 83 of the Complaint.

84. The Sheriff denies the allegations contained in paragraph 84 of the Complaint.

85. The Sheriff denies the allegations contained in paragraph 85 of the Complaint.

86. The Sheriff denies the allegations contained in paragraph 86 of the Complaint.

87. The Sheriff denies the allegations contained in paragraph 87 of the Complaint.

88. The Sheriff denies the allegations contained in paragraph 88 of the Complaint.

89. The Sheriff denies the allegations contained in paragraph 89 of the Complaint.

### Third Claim for Relief

### 42 U.S.C. § 1983—14th Amendment Substantive Due Process—Danger Creation

90. The Sheriff hereby incorporates his responses to paragraphs 1 through 89 of the Complaint as if set forth fully herein as his response to paragraph 90 of the Complaint.

91. The Sheriff is without information or knowledge sufficient to admit or deny the allegations of paragraph 91 of the Complaint and therefore denies the same.

92. The Sheriff denies the allegations contained in paragraph 92 and subparts (a) and (b) to paragraph 92 of the Complaint.

93. The Sheriff is without information or knowledge sufficient to admit or deny the allegations of paragraph 93 of the Complaint and therefore denies the same.

94. The Sheriff denies the allegations contained in paragraph 94 of the Complaint.

95. The Sheriff denies the allegations contained in paragraph 95 of the Complaint.

96. The Sheriff denies the allegations contained in paragraph 96 of the Complaint.

97. The Sheriff denies the allegations contained in paragraph 97 of the Complaint.

98. The Sheriff denies the allegations contained in paragraph 98 of the Complaint.

99. The Sheriff denies the allegations contained in paragraph 99 of the Complaint. The Sheriff affirmatively alleges that the cause of Mr. Sims' death was a suicide and was not caused by the actions of any other inmate at the JCDF.

100. The Sheriff denies the allegations contained in paragraph 100 of the Complaint.

101. The Sheriff denies the allegations contained in paragraph 101 of the Complaint.

102. The Sheriff denies the allegations contained in paragraph 102 of the Complaint.

103. The Sheriff denies the allegations contained in paragraph 103 of the Complaint.

104. The Sheriff affirmatively denies that Plaintiff is entitled to any of the relief set forth in the "Wherefore" section of the Complaint following paragraph 104 of the Complaint and, therefore, denies all allegations contained therein.

### General Denial

The Sheriff denies each and every other allegation contained in the Complaint, except to the extent expressly and specifically admitted herein.

### AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

All or part of Plaintiff's claims fail to rise to the level of constitutional violations sufficient to state any claim for relief under 42 U.S.C. § 1983.

### Third Defense

All or part of Plaintiff's claims are barred by the doctrine of qualified immunity.

### Fourth Defense

Plaintiff's official capacity claims are barred on grounds that they are not based on any policy, practice, or custom.

### Fifth Defense

All of Plaintiff's claims are barred by the applicable two-year statute of limitations.

### Sixth Defense

The individual capacity claims asserted against the Sheriff are barred because of the lack of personal participation of the Sheriff in any alleged constitutional violation.

### Seventh Defense

The Sheriff cannot be held liable for any acts or omissions of others including the Plaintiff.

**Eighth Defense**

There is no vicarious or respondent superior liability theory applicable to 42 U.S.C. §1983 claims.

**Ninth Defense**

Plaintiff has failed to mitigate its damages, if any, as required by law.

**Tenth Defense**

Some or all of the damages alleged, if any, by Plaintiff were caused by actions of third parties, including the Plaintiff, or circumstances over which the Sheriff had no control.

**Eleventh Defense**

Plaintiff's claims for punitive damages are barred because the Plaintiff cannot meet the Section 1983 standard for such damages. <u>Smith v. Wade</u>, 461 U.S. 30 (1983).

**Twelfth Defense**

Plaintiff's damages were caused by a superseding or intervening cause.

**Thirteenth Defense**

The Sheriff is currently without knowledge of facts, which would form the basis for further affirmative defenses regarding Plaintiff's claims. The Sheriff reserves the right to assert any such defenses should factual bases become known during discovery or otherwise.

## SHERIFF'S REQUEST FOR RELIEF

WHEREFORE, the Sheriff respectfully requests that this Court enter judgment in his favor and against Plaintiff, and for any such further relief as the Court deems just and proper.

Dated this 12th day of October, 2009.

        ELLEN G. WAKEMAN
        JEFFERSON COUNTY ATTORNEY

        *s/ Writer Mott*
By: _____
        Writer Mott
        James L. Burgess
        Assistant County Attorneys
        100 Jefferson County Parkway, Suite 5500
        Golden, CO 80419
        Phone: (303) 271-8932
        Email: wmott@jeffco.us
        Email: jburgess@jeffco.us

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of October, 2009, I filed the foregoing **ANSWER** via the U.S. District Court ECF System, which will send notification and a copy via email to:

David A. Lane
Sara L. Rich
KILLMER, LANE & NEWMAN, LLP
1543 Champa St., Ste. 400
Denver, CO  80202

        *s/ Deborah Hokanson*
        _____
        Deborah Hokanson, Legal Assistant