IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-1796-REB-MEH

ESTATE OF ANTHONY L. SIMS, By Kathie Sims as Personal Representative,

    Plaintiff,

v.

JEFFERSON COUNTY SHERIFF TED MINK, in his individual and official capacities, and
JOHN DOE SHERIFF'S DEPUTY, in his individual and official capacities,

    Defendants.

---

### SHERIFF TED MINK'S RESPONSE TO NON-PARTY SHAWN SHIELDS' MOTION TO QUASH

---

Defendant Jefferson County Sheriff Ted Mink ("Sheriff"), by and through the Jefferson County Attorney and Assistant County Attorneys Writer Mott and James Burgess, hereby responds to the Motion to Quash filed by non-party Shawn Shields following the issuance of a subpoena (the "Subpoena") by the Sheriff to take the deposition of Mr. Shields at the Colorado State Penitentiary ("CSP") on December 21, 2009. In response to the Motion to Quash, the Sheriff states as follows:

### Background

Plaintiff, in the Amended Complaint, has asserted three Section 1983 claims against the Sheriff, all of which stem from the in-custody death of Anthony Sims. The Jefferson County Coroner concluded the cause of Mr. Sims' death to be a suicide. Plaintiff disputes that conclusion and is alleging that Mr. Sims was killed by another

inmate, Shawn Shields, at the Jefferson County Detention Facility (the "JCDF") and that the Sheriff failed to protect Mr. Sims from Shawn Shields.

On November 6, 2009, the Sheriff filed a Motion for Leave to Depose Shawn Shields [Docket #16] after coordinating a date for the deposition with counsel for the Plaintiff and staff at the CSP.  The Court, by Order dated November 9, 2009 [Docket #18], granted the Motion for Leave.  On or around November 26, 2009, undersigned counsel received an email from Plaintiff's counsel stating that Plaintiff's counsel had received correspondence from Mr. Shields on September 29, 2009, and that Plaintiff's counsel had responded to Mr. Shields, advising Mr. Shields of his Constitutional right to not answer any questions.  *See* **Exhibit A-1** (a copy of the email from David Lane to Writer Mott).  Mr. Shields then sent a letter to undersigned counsel in which he requested that the Sheriff appoint him legal counsel for the deposition.  *See* **Exhibit A-2**, a copy of the letter from Shawn Shields to Writer Mott, dated December 3, 2009.  Subsequent to sending the letter, Mr. Shields filed his Motion to Quash [Docket #24] that is the subject of this Response.

## Argument

Mr. Shields raises four separate grounds for quashing the Subpoena.  First, he argues that the Subpoena was invalid because it fails to state the method for recording the testimony.  Second, Mr. Shields argues that he should not be required to appear for a deposition since he is not a party to the litigation.  Third, Mr. Shields argues that undersigned counsel is improperly seeking to obtain evidence related to the criminal investigation of this matter and is not seeking testimony for purposes of defending the claims asserted against the Sheriff in this civil case.  Fourth, Mr. Shields argues that he

is entitled to representation under the Sixth Amendment to the United States Constitution prior to having to answer any questions in this civil matter. The Sheriff will address each of these objections individually, none of which should prevent the Sheriff from deposing Shawn Shields in this matter.

**I.     The Subpoena issued to Mr. Shields complies with all necessary procedural requirements**

Mr. Shields argues that this Court should quash the subpoena issued to him on grounds that the Subpoena "fails to state the method for recording the testimony as required in Rule 45(B) F.R.C.P." This argument is not supported by the facts, nor does it constitute sufficient grounds for quashing the Subpoena. Attached to the Subpoena served on Mr. Shields was a Notice of Deposition that specifically indicated the method for recording the testimony at the deposition. *See* **Exhibit A-3** (a copy of the Subpoena and Notice served on Mr. Shields stating that "[t]he deposition will be taken by stenographic means before an officer authorized to administer oaths pursuant to Fed.R.Civ.P. 28."). Accordingly, Mr. Shields was given notice as to the method for recording the testimony and this argument fails to provide a basis for quashing the Subpoena.

**II.    Depositions of non-parties are permitted under the Federal Rules of Civil Procedure**

Mr. Shields next argues that he should not be required to appear at a deposition since he is not a party to this action. Fed.R.Civ.P. 30 specifically allows a party to take the deposition of "any person" and to issue a subpoena to compel the attendance of the deponent. Accordingly, the fact that Mr. Shields is not a party to this litigation does not provide a basis for quashing the Subpoena for his deposition.

### III. The Sheriff is not investigating Mr. Shields and has no active criminal cases involving Mr. Shields

Mr. Shields' next objection to the Subpoena is premised on Mr. Shields' argument that the Sheriff is improperly seeking to depose him to gather evidence in a criminal case. This argument is not persuasive for several reasons. First, the Sheriff does not have any on-going criminal investigations involving Shawn Shields. The Sheriff's Office concluded that the in-custody death of Anthony Sims was a suicide, not a homicide.[1] Second, Plaintiff, in the Amended Complaint, is alleging that Shawn Shields murdered Anthony Sims and that the Sheriff's Office failed to protect Anthony Sims from Shawn Shields. Based on these allegations, Shawn Shields is a crucial fact witness and, in fact, is the only witness who can testify about his actions on the day that Anthony Sims died. Accordingly, the Sheriff is entitled under the Federal Rules of Civil Procedure to depose Mr. Shields and inquire about these issues.

### IV. Mr. Shields is not entitled to the appointment of an attorney

Mr. Shields' final objection is that he is entitled to representation at the deposition under the Sixth Amendment to the United States Constitution. This case, filed by the Estate of Anthony Sims, however, is a civil, and not a criminal, case. The Sixth Amendment right to representation does not apply in civil matters. *See* <u>Wolfolk v. Rivera</u>, 729 F.2d 1114, 1119-1120 (7th Cir. 1984) ("The Sixth Amendment's guarantee of effective assistance of counsel does not apply in civil cases. There is no

---

[1] There is an on-going investigation into the death of Mr. Sims being conducted by the Jefferson County District Attorney's Office. That investigation, however, is being conducted wholly separate and apart from the Sheriff's Office.

4

constitutional or statutory right for an indigent to have counsel appointed in a civil case.") (citations and internal quotations omitted).

The fact that the District Attorney's Office is conducting an investigation into the in-custody death of Anthony Sims similarly does not trigger any Sixth Amendment right to counsel during the deposition. "[T]he Sixth Amendment right to counsel does not attach until after the initiation of formal charges." Moran v. Burbine, 475 U.S. 412, 431, 106 S.Ct. 1135 (1986). No charges have been filed against Shawn Shields related to the in-custody death of Anthony Sims. Given that this is a civil case and no criminal charges have been filed against Mr. Shields, Mr. Shields is not entitled to the appointment of counsel to represent him at the deposition and his invocation of the right to counsel does not support the Motion to Quash.

## Conclusion

Based on the allegations of the Amended Complaint about the actions of Shawn Shields, the testimony of Mr. Shields is crucial to evaluating Plaintiff's claims. Mr. Shields has failed to provide any legitimate basis for quashing the Subpoena. Accordingly, the Sheriff respectfully requests that this Court deny the Motion to Quash and order that Mr. Shields appear at a deposition on a new date coordinated with counsel and staff of the CSP.

WHEREFORE, the Sheriff respectfully requests that this Court deny the Motion to Quash and order that Shawn Shields appear for his deposition on a new date coordinated by counsel and staff of the CSP.

Dated this 18th day of December, 2009.

                              ELLEN G. WAKEMAN
                              JEFFERSON COUNTY ATTORNEY

                                  *s/ Writer Mott*
                By: _____
                              Writer Mott
                              James L. Burgess
                              Assistant County Attorneys
                              100 Jefferson County Parkway, Suite 5500
                              Golden, CO 80419
                              Phone:  (303) 271-8932
                              Email:  wmott@jeffco.us
                              Email:  jburgess@jeffco.us

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of December, 2009, I filed the foregoing **SHERIFF TED MINK'S RESPONSE TO NON-PARTY SHAWN SHIELDS MOTION TO QUASH** via the U.S. District Court ECF System, which will send notification and a copy via email to:

David A. Lane
Sara L. Rich
KILLMER, LANE & NEWMAN, LLP
1543 Champa St., Ste. 400
Denver, CO  80202

I hereby certify that I sent a true and correct copy to Shawn Shields at the following address:

Shawn Shields
DOC #69301
CSP/Box 777
Canon City, CO  81215


                                       *s/  Deborah Hokanson*
                                 _____
                                  Deborah Hokanson, Legal Assistant

6